1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11   SEAVON PIERCE,                               ) Case No.: 1:15-cv-01941-LJO-BAM (PC)
                                                  )
12              Plaintiff,                        ) ORDER DENYING PLAINTIFF'S MOTION FOR
                                                  ) RELIEF FROM JUDGMENT PURSUANT TO
13         v.                                     ) FRCP 60(b)
                                                  )
14   JONATHAN M. SMITH, et al.,                   ) (ECF No. 9)
                                                  )
15              Defendants.                       ) ORDER DENYING PLAINTIFF'S COMBINED
                                                  ) MOTION FOR COURT TO MAKE
16                                                ) DETERMINATION PURSUANT TO FRCP 19, 20,
                                                  ) AND MOTION FOR RELIEF FROM JUDGMENT
17                                                ) PURSUANT TO FRCP 60(b)
                                                  )
18                                                ) (ECF No. 10)
                                                  )
19   _____   )

20         Plaintiff Seavon Pierce ("Plaintiff"), a state prisoner proceeding pro se, filed this action

21   pursuant to 28 U.S.C. § 1361, on December 11, 2015. That same day, he also filed a motion for leave

22   to proceed in forma pauperis. (ECF No. 2.)  On January 11, 2016, the district judge denied Plaintiff's

23   motion for leave to proceed in forma pauperis, and dismissed this action without prejudice to refiling

24   with submission of the $400.000 filing fee. (ECF No. 7.) Judgment was entered accordingly the same

25   day. (ECF No. 8.)

26         On January 25, 2016, Plaintiff filed the instant motions for relief from the judgment in this

27   action. (ECF Nos. 9, 10). In Plaintiff's first motion, he argues that this court exceeded its jurisdiction

28   to proceed upon his mandamus action because his claim is against residents of Washington, D.C., and

                                                1

1   the parties have not consented to proceeding in the Eastern District of California. (ECF No. 9, p. 1). In

2   Plaintiff's second motion, he elaborates upon this argument, stating that jurisdictional law requires

3   matters to be restricted to the residence of the defendants. (ECF No. 10, p. 3.) Plaintiff further argues

4   that the proper venue for his action is in the District Court for the District of Columbia. (Id. at 2.)

5        Plaintiff's arguments regarding jurisdiction and venue lack merit. Except for under certain

6   circumstances which do not apply in this case, a mandamus action may be heard in a judicial district

7   where either party resides, or where a substantial part of the events or omissions giving rise to the

8   claim occurred. 28 U.S.C. § 1391(e); see Munns v. Kerry, 782 F.3d 402, 413 (9th Cir. 2015) ("Section

9   1391(e) provides nationwide venue in the district courts for mandamus actions against federal officials

10  . . . ."). Thus, venue is proper in this district, where Plaintiff was incarcerated and resided at the time

11  he filed his complaint.

12       Furthermore, although Plaintiff states that he attacks the jurisdiction of this court to act in this

13  case, his arguments all focus on venue. Venue and jurisdiction are distinct concepts; venue concerns

14  the convenience of where an action will be heard, whereas jurisdiction deals with the limits of the

15  federal courts to adjudicate certain types of cases. See Rouse v. Wachovia Mortg., FSB, 747 F.3d 707,

16  710 n.3 (9th Cir. 2014). Plaintiff's arguments only center on whether and why his action should be

17  heard in the District of Columbia instead of the Eastern District of California; he raises no arguments

18  regarding why this court lacked jurisdiction to issue its judgment in his action.

19       Plaintiff also argues in his second motion that the three-strikes provision of 28 U.S.C. 1915(g)

20  does not apply to this action because it was brought as a mandamus action. (ECF No. 10, pp. 1-2). The

21  three-strikes provision of the Prison Litigation Reform Act in § 1915(g) applies to petitions for

22  mandamus that are predicated on underlying civil claims, but not habeas corpus petitions. See

23  Andrews v. King, 398 F.3d 1113, 1122-23 (9th Cir. 2005). See also In re Smith, 114 F.3d 1247, 1250

24  (D.C. Cir. 1997) (same).

25       Here, Plaintiff's petition for mandamus pursuant to 28 U.S.C. 1361 seeks to have certain

26  government officials take certain actions related to Plaintiff's previous civil rights lawsuits. In those

27  prior civil rights lawsuits, Plaintiff made allegations concerning, among other things, excessive force,

28  denial of medical treatment, and matters dealing with mail restrictions and confiscations. In this

mandamus action, Plaintiff seeks to have government officials investigate alleged frauds and

corruptions related to his prior civil rights lawsuits, including the alleged removal of parties from his

complaint, wrongful denial of counsel, failure to report certain matters to the Attorney General, and he

further seeks a federal investigation into the constitutional violations he alleged in those underlying

lawsuits. (ECF No. 1, pp. 1-3.) He also complains that the Ninth Circuit Court of Appeals has not

properly reviewed or acted upon his prior lawsuits. (Id. at pp. 9-12, 14-16.) Thus, his mandamus action

addresses underlying civil claims, and is not related to any habeas action. In these circumstances, it

was appropriate for the district judge to apply the provisions of 28 U.S.C. § 1915(g) to this civil

action.

　　　　Finally, Plaintiff argues in his second motion that the district judge erred by not making a

determination regarding the joinder of parties under Federal Rule of Civil Procedure 19 or 20 prior to

dismissing his action. (ECF No. 10, pp. 1, 3.) On the contrary, the determination of whether filing fees

must be paid or whether Plaintiff could proceed in forma pauperis must be made before a case can

proceed to further stages. Also, there has never been any motion for joinder of parties pending in this

action, including before it was dismissed.

　　　　Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for relief from

judgment in this action (ECF Nos. 9, 10) are DENIED.


IT IS SO ORDERED.

　　Dated:　　**February 8, 2016**　　　　　　　　　/s/ *Barbara A. McAuliffe*　　
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE