1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN M. SMITH, et al.,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:15-cv-01941-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE AND DISTRICT JUDGE<br><br>(ECF No. 12)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 13) |

**I.    Introduction**

Plaintiff Seavon Pierce ("Plaintiff"), a state prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 1361, on December 11, 2015. On January 11, 2016, judgment was entered dismissing this action, (ECF No. 8), pursuant to this Court's order to deny Plaintiff's application to proceed in forma pauperis and to dismiss this case without prejudice to refiling with submission of the filing fee, (ECF No. 7).

On February 23, 2016, Plaintiff simultaneously filed the following:  (1) a request for disqualification of the magistrate judge and the undersigned, (ECF No. 12); (2) a motion for reconsideration, (ECF No. 13); and (3) a notice of appeal, (ECF No. 14). That same day, the appeal was processed to the Ninth Circuit. (ECF No. 15.)

1    **II.    Jurisdiction**

2          Generally speaking, the filing of a notice of appeal divests the district court of jurisdiction over

3    the matters appealed. Townley v. Miller, 693 F.3d 1041, 1042 (citing Davis v. United States, 667 F.2d

4    822 (9th Cir. 1982)). However, under Federal Rule of Civil Procedure 62.1(a)(2), a district court

5    retains the authority to deny a motion that is timely filed even though an appeal has been docketed and

6    is pending. Fed. R. Civ. P. 62.1(a)(2); see also Simpson v. Evans, 525 Fed. Appx. 535, 536 (9th Cir.

7    2013) (pursuant to Rule 62.1, district court retained jurisdiction to deny a timely-filed motion for leave

8    to amend petition, even though motion was filed after notice of appeal). Consequently, the Court

9    determines it has the authority and jurisdiction to deny Plaintiff's motions, which it does for the

10   reasons explained below.

11   **III.    Motion for Disqualification**

12         Plaintiff's first motion requests the disqualification of the magistrate judge and the

13   undersigned, and requests that certain facts be admitted into the record. (ECF No. 12). In support,

14   Plaintiff asserts that he never alleged any claims of excessive force, but the magistrate judge discussed

15   matters related to excessive force in her order. As a result, he complains that the magistrate judge

16   considered evidence outside of the record, and that the magistrate judge's order in fact declares that

17   judge's personal knowledge of the use of excessive force against him. Plaintiff would like the

18   magistrate judge's personal knowledge of excessive force, and the fact that he never filed any civil

19   complaint alleging excessive force, to be "placed upon the public record and recorded as established

20   facts in these proceedings." (ECF No. 12, p. 1.) Plaintiff also complains that the Court and/or its

21   officers have illegally removed the petitioners/plaintiffs other than himself from this action.

22         "A judge is required to disqualify himself if his impartiality might reasonably be questioned, or

23   if he has a personal bias or prejudice for or against a party." Hasbrouck v. Texaco, Inc., 842 F.2d

24   1034, 1045 (9th Cir.1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S. Ct.

25   2535, 110 L. Ed. 2d 492 (1990). "The bias must stem from an extrajudicial source and not be based

26   solely on information gained in the course of the proceedings." Id. (citing In re Beverly Hills Bancorp,

27   752 F.2d 1334, 1341 (9th Cir. 1984)). "Judicial rulings alone almost never constitute a valid basis for a

28   bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky

1   v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). "In and of themselves

2   . . ., they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest

3   circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial

4   source is involved." Id.

5        Plaintiff has not presented sufficient grounds for seeking recusal or disqualification of the

6   magistrate judge or the undersigned in this case. The magistrate judge's February 8, 2016 order states

7   that Plaintiff made allegations in other suits concerning excessive force. (ECF No. 11, pp. 2-3.) The

8   magistrate judge was apparently referring to court filings that Plaintiff attached to his complaint in this

9   action. Those court filings contain Plaintiff's allegations that "physical force has been used upon the

10   [Plaintiff] on 11-13-13, acts of hitting the [Plaintiff] in the head and face with metal batons and fist by

11   staff of Lancaster to conceal the violations of the civil complaint number 1:10-00285 (JLT)." (ECF

12   No. 1-1, p. 2.) Those filings also contain allegations that "[t]he [Plaintiff] is suffering from serious

13   bodily injuries, the loss of a body part, suffering from the injuries here being actively concealed as

14   excessive force, sustained by blows to the head and face with batons while in handcuffs. . . ." (ECF

15   No. 112, p. 1.) Thus, the magistrate judge's order merely referred to Plaintiff's allegations in the

16   papers and record in this matter. There is no evidence that the magistrate judge's order was derived

17   from any extrajudicial source or the magistrate judge's personal knowledge. Nor is there any grounds

18   here for making the findings of fact that the Plaintiff requests.

19        Furthermore, there is no evidence of any wrongful removal of any petitioners or plaintiffs from

20   this action. Plaintiff's complaint states that he seeks to represent a class of California prisoners and

21   U.S. prisoners. (ECF No. 1.) However, it is well established that as a pro se party, Plaintiff may not

22   pursue claims on behalf of others in any representative capacity. See Simon v. Hartford Life, Inc., 546

23   F.3d 661, 664 (9th Cir. 2008). The Court properly construed this action as an individual suit brought

24   by Plaintiff rather than a class action. This is not grounds for any recusal or disqualification of the

25   judges who have issued orders here.

26   **IV.   Motion for Reconsideration**

27        Plaintiff's second motion seeks the reconsideration of the denial of his in forma pauperis

28   application and the judgment in this matter. (ECF No. 13.) He argues that the Court erred in

3

1  determining that his mandams action is predicated on underlying civil claims, and therefore he must

2  pay the filing fee in this action since he is subject to the three strikes provisions of the PLRA, 28

3  U.S.C. § 1915(g). Plaintiff repeats arguments he made in a prior motion for reconsideration pursuant

4  to Federal Rule of Civil Procedure 60(b), (ECF No. 9), which was denied by the magistrate judge,

5  (ECF No. 11).

6       "A motion for reconsideration should not be granted, absent highly unusual circumstances,

7  unless the district court is presented with newly discovered evidence, committed clear error, or if there

8  is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

9  & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).

10  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party

11  must show what "new or different facts or circumstances claimed to exist which did not exist or were

12  not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

13       Plaintiff has not shown any grounds for reconsidering the prior orders in this case. As noted,

14  most of his motion is dedicated to repeating arguments previously considered, and to expressing his

15  disagreement with the Court's prior determination, without citing any new evidence, changes in the

16  law, or clear errors. In fact, Plaintiff cites case law which undermines his position and instead supports

17  the Court's determination in this case. See In re Smith, 114 F.3d 1247, 1250 (D.C. Cir. 1997) (PLRA's

18  filing fee requirements apply to petition for a writ that includes underlying claims that are civil in

19  nature); see also In re Grant, 635 F.3d 1227, 1230 (D.C. Cir. 2011) (same).

20       It is not enough for Plaintiff to merely disagree with the Court's decision or simply restate that

21  already considered by the court. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131

22  (E.D. Cal. 2001). Reconsideration is not a vehicle by which to obtain a second bite at the apple; it is

23  reserved for extraordinary circumstances. Westlands Water Dist., 134 F.Supp.2d at 1131; see also In

24  re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir.1989). Those circumstances are not

25  presented here.

26  ///

27  ///

28  ///

4

1

**V.      Conclusion and Order**

2

     Based on the foregoing, it is HEREBY ORDERED that:

3

     1.      Plaintiff's motion for disqualification of the magistrate judge and district judge, (ECF

4

No. 12), and Plaintiff's motion for reconsideration, (ECF No. 13), are DENIED.

5

6

IT IS SO ORDERED.

7

   Dated:   __**February 25, 2016**__        ___**/s/ Lawrence J. O'Neill**

8

                               UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28